UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

School Employees Retirement
System of Ohio,

    Plaintiff,

    v.

Sharpen Technologies, Inc.,

    Defendant.

Case No. 2:23-cv-2928

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Sharpen Technologies, Inc. ("Defendant") moves for partial dismissal of School Employees Retirement System of Ohio's ("Plaintiff") Complaint. Mot. Dismiss, ECF No. 11. For the following reasons, Defendant's motion is **GRANTED**.

### I.    FACTS

Plaintiff is an Ohio pension fund. Compl. ¶ 4, ECF No. 2. Defendant is an Indiana corporation that provides "modern telephonic solutions to its customers . . . to enhance their customer's contact center and agent experience." *Id.* ¶¶ 5, 10.

In 2022, Plaintiff needed to transition from an "on-premises private branch exchange" system to a "cloud-hosted solution." *Id.* ¶ 11. Plaintiff and Defendant entered into a Master Service Agreement ("MSA") for Defendant to provide a cloud-based system to Plaintiff. *Id.* ¶ 1. During that process, Plaintiff asked

Defendant whether it has undergone within the last eighteen months, or intended to undergo, "any material change in its structure or ownership[.]" *Id.* ¶ 16. Defendant responded that it "has not undergone, nor expects to undergo any material change in the structure of it's [sic] ownership in the previous, or coming, 18 months." *Id.* Nonetheless, Defendant was acquired less than seven months after submitting that response. *Id.* ¶ 17.

Defendant began working on the deliverables, but, during the testing phase of the MSA, even basic functions of the desired system failed to work. *Id.* ¶¶ 31–32. For example, some of the problems included: malfunctioning 911 dialing, malfunctioning international calling, "inconsistent call recording, absence of a call forwarding function on the Polycom phone, and inability to determine call queue information." *Id.* ¶ 49. After unsuccessfully attempting to resolve the problems, Plaintiff terminated the MSA and demanded repayment. *Id.* ¶¶ 53–55. Defendant refused. *Id.* ¶ 56.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

Plaintiff sues for breach of contract, fraudulent inducement, and fraudulent misrepresentation, all under Delaware law. *See generally*, Compl., ECF No. 2. Defendant moves to dismiss the fraudulent inducement and fraudulent misrepresentation claims ("Fraud Claims"). Mot. Dismiss, ECF No. 11. First, Defendant argues the Fraud Claims are barred by anti-reliance language in the parties' MSA. *Id.* at 4–5. Second, Defendant argues Plaintiff failed to plead each element for the Fraud Claims as required by Delaware law. *Id.* at 6–8.

Within Defendant's second argument, Defendant contends Plaintiff failed to allege: "(1) why [the] purported misrepresentation was false, (2) why [the] purported misrepresentation was material, (3) that [Plaintiff] relied on it when it

executed the SMA, or (4) what tort damages [Plaintiff] suffered by reason of that reliance." Mot. Dismiss 6, ECF No. 11; *id.* at 7 ("No allegation in the complaint supports the inference that [Defendant's] purported misrepresentation was false or material to the transaction, that the purported misrepresentation induced [Plaintiff] to execute the MSA, or that [Plaintiff] was damaged by the purported misrepresentation in a way that is distinct from its claimed contract damages."). Although Plaintiff responds that materiality need not have been pleaded or, alternatively, was adequately pled, Plaintiff fails entirely to respond to the contention that it did not plead separate damages. This issue is dispositive.

Under Delaware law, "in cases involving both a breach of contract and an allegation of fraud, damages from the fraud must be pled separate and apart from . . . breach damages." *Norman v. Elkin*, 860 F.3d 111, 130 (3d Cir. 2017) (cleaned up). Even if all of the other elements of a fraud claim are properly pled, dismissal is appropriate where a plaintiff does not "suffer[] damages as a result of the fraud that are separate and apart from the damages alleged for breaches of contract." *Id.*; *see also Envolve Pharmacy Sols., Inc. v. Rite Aid Hdqtrs. Corp.*, C.A. No. N19C-12-214 PRW CCLD, 2021 WL 140919, at *1 (Del. Super. Ct. Jan. 15, 2021) ("[O]ne seeking recovery in both fraud and breach-of-contract must plead a different injury inflicted by the tort than is accounted for by the duties under the contract. . . . And a bald plea for punitive damages is insufficient to satisfy the separate injury requirement."); *EZLinks Golf, LLC v. PCMS Datafit, Inc.*, C.A. No. N16C-07-080 PRW CCLD, 2017 WL 1312209, at *6 (Del. Super.

Ct. Mar. 13, 2017) ("Here EZLinks's damages claims and calculations for the alleged fraudulent inducement and breach of contract appear materially identical. And EZLinks's mere addition of punitive damages to its fraudulent inducement charge is not enough to distinguish it from the contract damages.").

Here, Plaintiff seeks compensatory damages in the amount of $149,371.08. Compl. ¶¶ 3, 65, ECF No. 2. Plaintiff alleges that this sum is comprised of $125,346.08, which constituted the "unused portion of the prepaid Services" that Plaintiff paid to Defendant under the MSA, and $24,025.00 "in Implementation Services outlined in the Service Order Detail[.]" *Id.* ¶ 55. In other words, the damages are monies Plaintiff paid pursuant to the MSA. Indeed, that the damages are indistinct is evidenced by the fact that the Complaint describes the $149,371.08 sought as interchangeably attributable to the breaches and the misrepresentation. *Id.* ¶ 65 ("As a result of [Defendant's] breaches, [Plaintiff] has been damaged in an amount of $149,371.08 . . . ."); *id.* ¶ 71 ("As a result of [Defendant's] fraudulent misrepresentation, [Plaintiff] has suffered compensatory damages in the amount of $149,371.08 . . . ."); *id.* ¶ 77 ("As a result of [Defendant's] fraudulent misrepresentation, [Plaintiff] has suffered compensatory damages in the amount of $149,371.08 . . . ."). The Complaint lacks any factual allegation of an injury or damages *separately* caused by fraud.

Because Plaintiff has failed to allege that it suffered any injury or damages caused by the alleged fraud that are separate and apart from the injury and

damages caused by the breach of contract, Plaintiff's Fraud Claims are **DISMISSED WITHOUT PREJUDICE**.[1]

### IV. CONCLUSION

For the above reason, Plaintiff's Fraud Claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's breach of contract claim remains. The Clerk shall terminate ECF No. 11.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Although Plaintiff requests leave to amend the Complaint in lieu of dismissal without prejudice, the request is not accompanied by any developed argument or a copy of the proposed Second Amended Complaint. As such, dismissal without prejudice is appropriate. See Kuyat v. BioMimetic Therapeutics, Inc., 747 F.3d 435, 444 (6th Cir. 2014) ("Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition.").